UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAVIER ALVAREZ DEL CASTILLO, *et al*, § § § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-3435 |
| § | |
| PMI HOLDINGS NORTH AMERICA INC, *et al*, § § § | |
| Defendants. § | |

## MEMORANDUM & ORDER

This case concerns an explosion at a natural gas refinery in Reynosa, Mexico, in September 2012. Plaintiffs are refinery employees who were injured in the blast and the family members of employees who were killed. Defendants are variously the owners, operators and/or suppliers of the plant. The Court today decides motions to dismiss filed by Kinder Morgan (Doc. No. 6), Honeywell Analytics (Doc. No. 8), Draeger Safety (Doc. No. 17), and the Rotork Defenadnts, Rotork Controls Inc. and Remote Control Inc. (Doc. Nos. 26, 27). For the reasons set out in this order, the Rotork Defendants' motion to dismiss on personal jurisdiction grounds is **GRANTED IN PART AND DENIED IN PART**. The remaining motions to dismiss for failure to state a claim are **GRANTED** without prejudice to Plaintiffs filing an amended complaint within 15 days of the date of this order.

## I.   BACKGROUND[1]

This case arises from an explosion at a natural gas refinery in Reynosa, Mexico. The refinery was owned, operated or controlled by Defendant Pemex. Defendants Draeger, FireBus,

---

[1] For the purposes of a motion to dismiss, the Court takes the factual allegations pleaded in the Second Amended Petition (Doc. No. 1-2) as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

I&C International and Honeywell provided detectors to measure the amounts of explosive gas, smoke, fire and temperature at the plant. The roles played by the other Defendants at the refinery is not clear from the face of the complaint.

On September 18, 2012, a large explosion at the plant fatally injured at least 22 workers and seriously injured 15 more. Plaintiffs allege that the explosion and resulting injuries were caused by the Defendants' negligence in the design, construction, operation and safety measures of the plant.

Plaintiffs initially filed this complaint in Texas state court in September 2014. The case was removed to federal court in December, 2014, by Defendant P.M.I. Comercio Internacional, S.A. de C.V.

After removal, a number of Defendants filed motions to dismiss the suit. (Doc. Nos. 3, 4, 6, 8, 13, 17, 26, 27.) Plaintiffs also moved to remand the suit to state court. (Doc. No. 9.) At the parties' request, the Court has deferred consideration of the motion to remand and the motions to dismiss filed by the Pemex Defendants[2] until all Defendants have been served. At this time, the Court takes up only the motions filed by Kinder Morgan (Doc. No. 6), Honeywell Analytics (Doc. No. 8), Draeger Safety (Doc. No. 17), and Rotork Controls Inc. and Remote Control Inc. (Doc. Nos. 26, 27).

## II. ROTORK DEFENDANTS' 12(b)(2) MOTION TO DISMISS

Defendants Rotork Controls Inc. ("Rotork USA") and Remote Control Inc. ("Remote Control") (collectively, the "Rotork Defendants") have moved for dismissal on the grounds that this Court lacks personal jurisdiction over them. (Doc. No. 26.)

### A. LEGAL STANDARD

---

[2] Specifically, the motions filed by PMI Comercio International SA de CV (Doc. No. 3), PMI Holdings North America, Inc. (Doc. No. 4), and Pemex (Doc. No. 13).

A motion to dismiss pursuant to Rule 12(b)(2) asserts that the court lacks personal jurisdiction over one or more defendants. Fed. R. Civ. P. 12(b)(2). "As the [parties] seeking to invoke the power of the court, [plaintiffs] 'bear[]the burden of establishing jurisdiction but [are] required to present only *prima facie* evidence.'" *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006)). "In determining whether a *prima facie* case exists, this Court must accept as true [the Plaintiffs'] uncontroverted allegations, and resolve in [their] favor all conflicts between the jurisdictional facts contained in the parties' affidavits and other documentation." *Pervasive Software Inc.*, 688 F.3d at 219-220 (citation omitted).

"A federal court sitting in diversity may assert jurisdiction if (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (internal quotation marks omitted). Because the Texas long-arm statute has been interpreted to extend to the limits of federal due process, the Court only need determine whether the Constitution supports the exercise of jurisdiction here. *Id.* Pursuant to the Constitution, "a State may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Pervasive Software Inc.*, 688 F.3d at 220 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1944)).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Specific jurisdiction "focuses on the relationship among the defendant,

3

the forum, and the litigation." *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014) (internal quotation marks omitted). The Fifth Circuit set forth a three-step analysis to determine whether specific jurisdiction exists:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). If the plaintiff can successfully establish the first two prongs of the test, then the burden shifts to the defendant to show that exercising jurisdiction would be unfair or unreasonable. *Id.*

General jurisdiction, in contrast, does not require a relationship between the plaintiff's cause of action and the forum state. Instead, for a court in a particular state to take general jurisdiction over claims against a defendant, the plaintiff must show that the defendant's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum state." *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)) (internal quotation marks omitted). For a corporate defendant, "the place of incorporation and principal place of business" are the "paradigm … bases for general jurisdiction." *Id.* at 760 (quoting Brilmayer et al., *A General Look at General Jurisdiction*, 66 Texas L. Rev. 721, 728 (1988)) (ellipsis in original). "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

### B. ANALYSIS

#### i. General and specific jurisdiction

As a preliminary matter, the Court must decide whether Plaintiffs can invoke the rules governing the Court's exercise of specific jurisdiction in this case. Under the *Seiferth* test discussed above, an essential requirement for specific jurisdiction is that "the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts." 472 F.3d at 271. Here, the suit arises out of the explosion of a natural gas refinery in Reynosa, Mexico — outside of the state of Texas. Nothing in Plaintiff's pleadings suggest that the Rotork Defendants' activities in the state of Texas were the cause of the explosion in Mexico.[3] Accordingly, the Rotork Defendants are not susceptible to specific jurisdiction in this suit. If this Court is to have jurisdiction over these Defendants, it must be because Plaintiffs have pleaded a *prima facie* case for general jurisdiction.

    ii. *Rotork USA*

Rotork USA is not incorporated in Texas, nor is its principal place of business here, so lacks the "paradigm" bases for general jurisdiction. Nonetheless, Plaintiffs argue that it still has sufficient contacts with Texas to be subject to general jurisdiction. First, and most importantly, the company acknowledges that it has an office in Houston, Texas. Decl. of Robert H. Arnold, Doc. No. 26-2. The company has also designated an agent for service of process in Texas. 2d Am. Pet. at ¶ 42. Second, the website and publications of the Rotork Group show that the company has installed equipment in Corpus Christi, Texas; Ennis, Texas; and in one other location in Texas. *See* Pls.' Ex. 4-7. But as the Defendants point out in response, none of the quoted marketing materials indicate with certainty that it was Rotork USA — as opposed to another company in the Rotork Group — who did the work in question. If the issue of Rotork

---

[3] Indeed, Plaintiff's sole argument in support of specific jurisdiction is that "Rotork installed several gas valve actuators at the Pemex refinery in Reynosa" — a city in Mexico, not in Texas. (Doc. No. 49 at 6.)

USA's commercial contacts with Texas were to be dispositive of the jurisdictional question, the Court would need to allow discovery on this issue before a dismissal would be appropriate.

Before reaching that question, the Court first considers whether Rotork USA's Houston office and Texas agent for service of process constitute contact with Texas that is "so continuous and systematic as to render it essentially at home" in the state. The Supreme Court has previously suggested that having an office in the forum state would tend to support general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411 (1984) (declining to find general jurisdiction because, *inter alia*, the defendant "never has maintained an office or establishment there"); *see also Johnston*, 523 F.3d at 611 (declining to find general jurisdiction where defendant "neither maintains a place of business in Texas nor has a registered agent for service of process in Texas"). When courts have declined to find general jurisdiction, the cases have generally involved corporate defendants who did business with the forum state — or sent personnel to the forum state — without having a permanent office there. *See, e.g.*, *Helicopteros*, 466 U.S. 408; *Monkton Ins. Services Co.*, 768 F.3d at 432-33. In other words, the defendants were "doing business *with* Texas" without "doing business *in* Texas." *Access Telecom Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 717 (5th Cir. 1999). Here, in contrast, the evidence that Rotork USA had a permanent office in Houston suggests that they intended to do business in Texas, not just with Texas. And the existence of a designated agent for service of process in Texas indicates that they "reasonably anticipate[d] being haled into court" in the state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Rotork USA relies heavily on the recent *Daimler* case in arguing against general jurisdiction. In that case, the Court found that the parent company, Daimler, was not subject to general jurisdiction in California on the basis of its subsidiary's California contacts. *Daimler*,

6

134 S.Ct. at 760. The subsidiary, MBUSA, was a Delaware corporation with its principal place of business in New Jersey. *Id.* at 752. MBUSA had numerous California facilities, including a regional office, among other contacts with the state. *Id.* Nonetheless, the Court concluded that MBUSA's contacts were insufficient to establish general jurisdiction over Daimler.

But *Daimler* does not stand for the proposition that offices alone are insufficient for general jurisdiction: indeed, all of the parties to the case agreed that MBUSA itself *was* subject to general jurisdiction in California. *Id.* at 770 (Sotomayor, J., concurring in the judgment). Instead, the Court concluded that MBUSA's California business, as a share of Daimler's overall enterprise, was too small for Daimler to be considered "at home" in the state. *Id.* at 761. The Court in *Daimler* was also concerned with "the risks to international comity" involved in exercising general jurisdiction over a foreign corporation based solely on the activities of an in-state subsidiary. *Id.* at 763. Exercising general jurisdiction over Rotork USA — itself a U.S. corporation — raises no such risks.

The standard for establishing general jurisdiction is a demanding — even "incredibly difficult" — one to meet. *Monkton Ins. Services, Ltd.*, 768 F.3d at 432. Nonetheless, the Court concludes that Plaintiffs here have at least made a *prima facie* showing that Rotork USA had, by virtue of its Houston office and Texas agent for service of process, "continuous and systematic" contacts with the state that "render it essentially at home" here.

   *iii. Remote Control*

Plaintiffs' claim that the Court has general jurisdiction over Remote Control is somewhat different. Plaintiffs appear to concede that Remote Control does not itself have "continuous and

7

systematic" contacts with Texas.[4] Instead, Plaintiffs contend that Remote Control should be subject to this Court's jurisdiction because it is an affiliate of Rotork USA through both companies' association with Rotork plc, a British entity.[5]

Plaintiffs attempt to argue that Remote Control is an alter ego of Rotork USA, and should be subject to general jurisdiction on this basis. Under Texas law, the alter ego doctrine "applies when there is such unity between the parent corporation and its subsidiary that the separateness of the two corporations has ceased and holding only the subsidiary corporation liable would result in injustice." *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 593 (5th Cir. 1999) (internal quotation marks omitted). Plaintiff's evidence of alter ego status include that 1) both Rotork and Remote Control are subsidiaries of Rotork plc and are described as part of "the Rotork Group," and 2) the two companies share common officers.[6] The former allegation says nothing about the relationship between Rotork USA and Remote Control. The latter allegation, taken alone, is insufficient to find alter ego status. *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 219 (5th Cir. 2000) ("[C]ommonality of officers and directors [is] not alone sufficient to establish an alter ego relationship between two corporations."). More importantly, all of the cases cited by Plaintiffs concern a parent company that is ostensibly subject to jurisidiction based on the contacts of a subsidiary. None of the cases addresses the facts here: a subsidiary of the same parent company which is arguably subject to jurisdiction based solely on

---

[4] Like Rotork USA, Remote Control is not incorporated in Texas and does not have its principal place of business here. Remote Control also has no offices or employees in Texas, does not have a registered agent for service of process in Texas, and does not have any contracts with any Texas entities or individuals. Decl. of Robert H. Arnold, Doc. No. 26-1.

[5] Namely, Rotork Servo Controles de Mexico S.A. de C.V. and Rotork U.K., Ltd.

[6] Robert H. Arnold is both the President of Rotork USA and the Vice President of Remote Control. *See* Decls. of Robert H. Arnold, Doc. Nos. 26-1, 26-2.

8

the contacts of another subsidiary. Plaintiffs' contention that Remote Control is the alter ego of Rotork USA therefore fails.

Without a showing of alter ego status, the in-state contacts of Rotork USA are not enough to establish general jurisdiction over Remote Control. Prior to the Supreme Court's decision in *Daimler*, it is possible that the in-state conduct of a sister company *might* have been a basis for general jurisdiction.[7] But the recent decision in *Daimler* appears to foreclose that possibility. *See Associated Energy Group, LLC v. Air Cargo Germany GMBH*, 24 F. Supp. 3d 602, 608 (S.D. Tex. 2014) (finding no general jurisdiction over defendant based on sister company's ties to the forum state). Accordingly, the Court concludes that Plaintiffs have not made a prima facie showing that this Court may assert general jurisdiction over Remote Control.

In the alternative, Plaintiffs request that they be permitted to conduct limited discovery in order to establish the Court's jurisdiction over Remote Control. Plaintiffs contend that discovery would allow them to show that Remote Control is in fact an alter ego of Rotork USA. The Court does not believe that discovery is appropriate here, as Plaintiff adduces no legal authority for the proposition that a subsidiary may be subject to general jurisdiction because of the forum-state contacts of another subsidiary. This defect cannot be cured by additional fact discovery. Accordingly, Plaintiffs' claims against Remote Control will be dismissed without prejudice. *See ITL Intern., Inc. v. Café Soluble, S.A.*, 464 Fed. Appx. 241, 244 (5th Cir. 2012).

## III.  DEFENDANTS' 12(b)(6) MOTIONS TO DISMISS

---

[7] The Court again notes, however, that the cases cited by Plaintiffs all concern efforts to establish jurisdiction over a *parent* company based on the actions of a subsidiary, rather than another subsidiary of the same parent.

The 12(b)(6) motions to dismiss filed by Kinder Morgan (Doc. No. 6),[8] Honeywell Analytics ("Honeywell") (Doc. No. 8), Draeger Safety ("Draeger") (Doc. No. 17), and Rotork USA and Remote Control (Doc. No. 27) identify many of the same problems with Plaintiffs' pleading. Accordingly, the Court will consider the motions together.

### A. LEGAL STANDARD

A court may dismiss a complaint for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, consistent with Rule 8(a), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,'" though it does require more than simply a "sheer possibility" that a defendant has acted unlawfully. *Id.* at 678. Thus, a pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

---

[8] Kinder Morgan invites the Court, in the alternative, to consider its motion and accompanying affidavits as a motion for summary judgment. At this stage, before Plaintiffs have had any opportunity to conduct discovery, the Court believes summary judgment is inappropriate.

Contrary to Plaintiffs' contentions, a complaint originally filed in state court is subject to the same 12(b)(6) standard as a complaint originally filed in federal court. "District courts routinely apply *Iqbal* and *Twombly* to motions to dismiss in cases removed from state court and in which the pleadings have not been amended." *Itzep v. Academy, Ltd.*, No. A-12-CV-197-LY, 2012 WL 1965669, at *3 (W.D. Tex. May 30, 2012). The cases cited by Plaintiffs in which federal courts have applied state-law pleading standards all involve improper joinder analysis. *See, e.g.*, *Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010). The standard for improper joinder is whether there is a "reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To require plaintiffs to follow federal pleading requirements to avoid removal would punish them for a properly-pleaded state petition, particularly because the remand analysis is based on the live pleading at the time of removal, without taking into account later-filed amendments. *Edwea*, 2010 WL 5099607, at *6. In contrast, district courts typically afford plaintiffs at least one opportunity to cure pleading deficiencies following a successful 12(b)(6) motion to dismiss. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

### B. ANALYSIS

All of the 12(b)(6) motions contend that Plaintiffs have not given Defendants fair notice of the allegations against them. This Court must agree. Defendants Kinder Morgan, Rotork USA and Remote Control are not even mentioned in the body of the complaint, save where Plaintiffs list information about how to serve them. The only allegations that could plausibly apply to them are allegations directed at all 28 Defendants. *See, e.g.*, 2d Am. Pet., Doc. No. 6 at ¶ 60 ("Defendants were negligent in the design, maintenance and upkeep of the plant, the

transportation of the natural gas, the monitoring of the pipeline, plants and valves, the installation, maintenance and upkeep of the safety and alarm systems, the monitoring, maintenance and design of the safety system, the relief valve systems and the alarm system.") A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct. *See Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001). Unlike the plaintiffs in *Anwar v. Fairfield Greenwich, Ltd.*, Plaintiffs have pleaded no facts to show the relationship of these Defendants to the refinery, or to one another. *See* 728 F. Supp. 2d 372, 422-23 (S.D.N.Y. 2010).

The allegations against Honeywell and Draeger are slightly more detailed. Defendants Honeywell and Draeger are included in the group of "Monitoring Defendants" who Plaintiff alleges "provided detectors to determine the amount of explosive gas, smoke, fire and temperature at said plant." 2d Am. Pet. at ¶ 58. According to the complaint, the Monitoring Defendants "were also responsible for upkeep of their detectors" and were under contract to maintain the detectors. *Id.* The Monitoring Defendants' are alleged to have been "negligent in that their detectors did not alert Pemex and the Plaintiffs of the dangerous conditions that lead to the explosion" and to have negligently conducted their subcontracting duties. *Id.* These allegations come closer to satisfying the federal standard, but the complaint's failure to distinguish between the so-called "Monitoring Defendants" is fatal. *See Pierson v. Orlando Regional Healthcare Systems, Inc.*, 619 F. Supp. 2d 1260, 1273-74 (M.D. Fla. 2009). At a minimum, Plaintiffs should endeavor to explain what role each Defendant played in the plant, rather than grouping them together at all times.

The motions, save that filed by Kinder Morgan, also seek dismissal of some of the Plaintiffs based on the statute of limitations. Plaintiffs Marcelino Rios Pecina, Delta Alicia

Zamora Glvan and Leticia Aguilar-Sanchez were not added to the complaint until after the statute of limitations expired on September 18, 2014.[9] Because this is a diversity case, Texas law applies to determine whether the statute of limitations was tolled by the filing of the original petition. *Saenz v. Keller Ind. Of Texas*, 951 F.2d 665, 667 (5th Cir. 1992). In Texas, "ordinarily, an amended pleading adding a new party does not relate back to the original pleading." *University of Texas Health Science Center at San Antonio v. Bailey*, 332 S.W.3d 395, 400 (Tex. 2011) (quotation omitted). Plaintiffs have not shown that an exception, such as misnomer or misidentification, applies. *Id.* Regrettably, the Court concludes that the negligence claims of these three Plaintiffs are time-barred.[10]

Finally, Honeywell argues that six Plaintiffs[11] who are named only in the case caption, opening paragraph and prayer of the original petition should be dismissed. In support, Honeywell cites a number of cases in which a defendant who was named only in the caption was dismissed from the suit. In at least one of the cases, the dismissal was for "failure to state a claim" against that Defendant. *See Kamali v. Quinn*, No. 3:06-CV-1595-B, 2006 WL 3759854 (N.D. Tex. Dec. 19, 2006). That rationale does not apply when it is a plaintiff, rather than a defendant, who appears only in the caption. Honeywell points to no rule requiring that the Plaintiff provide additional information about himself other than that required by Rule 10. Furthermore,

---

[9] The parties appear to agree that all the claims in the suit accrued on the date of the explosion, September 18, 2012. All of the claims in Plaintiffs' live pleading are subject to Texas's two-year statute of limitations for personal injuries. Tex. Civ. Prac. Rem. Code § 16.003. Plaintiffs Pecina was added to the First Amended Petition filed on September 21, 2014, while Plaintiffs Zamora Galvan and Aguilar-Sanchez were added to the Second Amended Petition filed on October 17, 2014.

[10] Plaintiffs suggest they may add a breach of implied warranty claim to a future amended complaint. The Court's decision today does not affect the availability of that claim to the Plaintiffs whose negligence claims are time-barred.

[11] The six Plaintiffs are Anailem Mora Garcia, Irma Ferral Casados, Josue Abram Munoz, Carlos I. Munoz, Brenda Berenice Munoz, and Evelyn Marisol Luna Santos.

Honeywell has not been harmed by not knowing more about these Plaintiffs up to this point, as the case has largely been in abeyance pending service upon all Defendants. For those reasons, the Court declines to dismiss the Plaintiffs from the suit, but directs Plaintiffs to further identify them in their next amended complaint.

## IV. CONCLUSION

For the reasons set out in this order, the Rotork Defendants' motion to dismiss on personal jurisdiction grounds is **GRANTED IN PART AND DENIED IN PART**. The remaining motions to dismiss for failure to state a claim are **GRANTED** without prejudice to Plaintiffs filing an amended complaint within 15 days of the date of this order.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 22nd of June, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE